Kenneth B. Grimes (#6555)
Attorney for Plaintiff
400 South 480 East, Suite 203
Salt Lake City, Utah 84111
Telephone: (801) 359-4212
E-mail Address: kglawyerutah@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEVIN GOMEZ,<br><br>  Plaintiff,<br>v.<br><br>DEALERSOCKET, INC.,<br><br>  Defendant. | COMPLAINT<br>(JURY TRIAL REQUESTED)<br><br><br>Case No.: 2:20-cv-00569-HCN<br><br>Judge: Howard C. Nielson, Jr. |

The above-named Plaintiff, by and through his attorney, Kenneth B. Grimes, hereby complains of the Defendant, and for cause of action alleges as follows:

PARTIES AND JURISDICTION

1. Plaintiff Devin Gomez ("Mr. Gomez") is a resident of Salt Lake County, State of Utah.

2. Defendant DealerSocket, Inc. ("DealerSocket"), is a Delaware corporation and was doing business within Salt Lake County, State of Utah, at all times material to this action.

3. Subject matter jurisdiction in this Court is pursuant to 28 U.S.C. §1331, in that this action arises under Federal laws, specifically, 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. §12117, and 29 U.S.C. §2617(a)(2). Jurisdiction of the pendent State law claims alleged herein is pursuant to 28 U.S.C. §1367.

4. The acts alleged herein were performed within Salt Lake County, State of Utah. Therefore, venue is in this Court pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §139l.

## GENERAL FACTS

5. Mr. Gomez suffers from obsessive compulsive disorder, depression and anxiety, which was first diagnosed during approximately 2015. Mr. Gomez takes medication for such conditions on a daily basis. Without such medication, Mr. Gomez is severely limited in his actions and cannot work. High levels of stress aggravate Mr. Gomez' disability and can require additional medical treatment or time off work.

6. Mr. Gomez commenced employment with DealerSocket on June 19, 2017, as a Customer Success Manager at DealerSocket's office located in Draper, Utah.

7. During November of 2018, Mr. Gomez was transferred to DealerSocket's Sales Department in connection with a Company reorganization. Increased stress relating to such transfer aggravated Mr. Gomez' disability and required that he obtain medical treatment.

8. On or about May 30, 2019, Mr. Gomez submitted an application for medical leave to DealerSocket's Human Resources Department. Said application, which was supported by Mr. Gomez' treating physician, requested a leave of absence for ten weeks, followed by occasional intermittent leave to attend medical appointments.

9. Mr. Gomez' medical leave application informed DealerSocket of the nature and scope of Mr. Gomez' disability.

10. During early June, 2019, shortly after submitting his application for a medical leave, Mr. Gomez met with his supervisors at DealerSocket, Scott Naylor and Gregory Cooper, and informed them that he had applied for a medical leave of absence. In response

to this information, Mr. Gomez was told: "We do not advise you to take FMLA. In the long run it will make you look bad for the company, and it won't help your cause." Mr. Gomez was also told that he would not be given a full sales territory until he decided whether or not to take FMLA, and that Mr. Gomez' pay would be reduced if he took FMLA.

11. Based upon the statements of his supervisors as alleged in the immediately preceding paragraph hereof, Mr. Gomez decided not to take medical leave at that time. He informed DealerSocket's Human Resources Department that he was foregoing medical leave because he did not want his pay to be reduced.

12. After the events described in preceding Paragraphs 10 and 11 hereof, Mr. Gomez' level of stress in the workplace increased, with resulting aggravation of his disability. Mr. Gomez was required to obtain additional medical treatment.

13. On or about August 6, 2019, Mr. Gomez submitted a second request for a medical leave of absence to DealerSocket's Human Resources Department. Said application, which was supported by Mr. Gomez' treating physician, requested a leave of absence for three weeks, followed by occasional intermittent leave of up to four hours per week, as needed to address workplace stress.

14. Pursuant to Mr. Gomez' second request for a medical leave of absence, as referenced in preceding Paragraph 13 hereof, Mr. Gomez took a medical leave of absence from DealerSocket for the period of July 29, 2019 to August 16, 2019.

15. After Mr. Gomez returned to work on or about August 17, 2018, Mr. Gomez was subjected to a continuing pattern and practice of retaliation, discrimination and harassment

from his supervisors and co-workers at DealerSocket in retaliation for his use of medical leave, including but not limited to the following:

    (a)  Accusations that he had improperly used his medical leave;

    (b)  Excessive monitoring of his attendance and use of medical leave;

    (c)  Denial of medical leave;

    (d)  Discrimination in work assignments;

    (e)  Excessive criticism of his work performance.

16. Mr. Gomez complained to his supervisors and to DealerSocket's Human Resources Department on numerous occasions regarding the retaliation, discrimination and harassment that Mr. Gomez was experiencing due to his use of medical leave. However, no remedial action was taken by DealerSocket.

17. On or about September 9, 2018, DealerSocket involuntarily terminated Mr. Gomez' employment. The only reason stated to Mr. Gomez was that he was an "at-will" employee.

### FIRST CAUSE OF ACTION
(For Disability Discrimination in Violation of 42 U.S.C. §12112)

18. All allegations of this Complaint are hereby incorporated by reference.

19. The above-stated actions of DealerSocket constitute disability discrimination in violation of 42 U.S.C. §12112, including but not limited to: (a) failure to engage in an interactive process with Mr. Gomez in relation to his disability; (b) failure to grant Mr. Gomez reasonable accommodation in regard to his disability-related absences; (c) termination of Mr. Gomez' employment on account of his disability and related work absences.

20. As a result of DealerSocket's disability discrimination as alleged herein, Mr. Gomez has suffered loss of employment, wages and benefits, severe and continuing mental distress, medical expenses, injury to his personal and professional reputation, expenses of seeking alternative employment, recoverable costs and attorney's fees, and potential tax consequences of any future recovery.

21. DealerSocket acted with malice or reckless indifference to the federally protected rights of Mr. Gomez, warranting an award of punitive damages against DealerSocket.

22. Mr. Gomez is entitled to an Order by the Court fully reinstating him to the position of employment with DealerSocket that he would have held but for DealerSocket's unlawful disability discrimination, with reasonable accomodations.

SECOND CAUSE OF ACTION
(For Retaliation in Violation of 42 U.S.C. §12203)

23. All allegations of this Complaint are hereby incorporated by reference.

24. The above-stated actions of DealerSocket constitute retaliation on account of Mr. Gomez' disability in violation of 42 U.S.C. §12203, including but not limited to: (a) harassment of Mr. Gomez in response to his requests for medical leave; (b) falsely accusing Mr. Gomez of improperly using his medical leave; (c) excessive monitoring of Mr. Gomez' medical leave and attendance; (d) discrimination in work assignments: (e) excessive criticism of Mr. Gomez' work performance; (f) termination of Mr. Gomez' employment.

25. As a result of DealerSocket's unlawful retaliation, Mr. Gomez has suffered loss of employment, wages and benefits, severe and continuing mental distress, medical expenses, injury to his personal and professional reputation, expenses of seeking alternative

employment, recoverable costs and attorney's fees, and potential tax consequences of any future recovery.

26. DealerSocket acted with malice or reckless indifference to the federally protected rights of Mr. Gomez, warranting an award of punitive damages against DealerSocket.

27. Mr. Gomez is entitled to an Order by the Court fully reinstating him to the position of employment with DealerSocket that he would have held but for DealerSocket's unlawful disability discrimination, with reasonable accomodations.

THIRD CAUSE OF ACTION
(For Violation of the Family and Medical Leave Act of 1993)

28. All allegations of this Complaint are hereby incorporated by reference.

29. At all times material to this action, Mr. Gomez was entitled to coverage under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq ("FMLA") in connection with his employment with DealerSocket.

30. The above-stated actions of DealerSocket violated Mr. Gomez' rights under the FMLA, including denial of qualified medical leave, interference with Mr. Gomez' rights under the FMLA, and retaliation on account of Mr. Gomez' use or requested use of his FMLA rights.

31. As a result of DealerSocket's violations of Mr. Gomez' FMLA rights, Mr. Gomez has suffered loss of employment, wages and benefits, expenses of seeking alternative employment and relocation, recoverable costs and attorney's fees, and potential tax consequences of any future recovery.

32. Mr. Gomez is entitled to an award of liquidated damages in an amount equal to his economic damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii) of the FMLA.

33. Mr. Gomez is entitled to an Order by the Court fully reinstating him to the position of employment with DealerSocket that he would have held but for DealerSocket's unlawful conduct.

FOURTH CAUSE OF ACTION
(For Negligent Employment)

34. All allegations of this Complaint are hereby incorporated by reference.

35. During Mr. Gomez' employment with DealerSocket, DealertSocket owed a duty of reasonable care to Mr. Gomez in relation to his employment with DealerSocket.

36. DealerSocket knew or reasonably should have known that its managers and employees posed a foreseeable risk of harm to Mr. Gomez.

37. DealerSocket was negligent in hiring, training, supervising and retaining its managers and employees in relation to Mr. Gomez' rights under Federal law.

38. Mr. Gomez sustained injury through the negligent acts and omissions of DealerSocket's managers and employees, including but not limited to, loss of employment, wages and benefits, expenses of seeking alternative employment, severe and continuing mental distress and related medical expenses, recoverable costs and attorney's fees, and potential tax consequences of any future recovery.

39. DealerSocket's negligence in hiring, training, supervising and retaining its managers and employees was the proximate cause of the injuries sustained by Mr. Gomez.

40. DealerSocket acted with malice or reckless indifference to Mr. Gomez' legal rights, thereby warranting an award of punitive damages against DealerSocket.

## FIFTH CAUSE OF ACTION
(For Breach of Contract)

41. All allegations of this Complaint are hereby incorporated by reference.

42. During Mr. Gomez' employment with DealerSocket, a contract of employment existed between Mr. Gomez and DealerSocket.

43. DealerSocket breached its contract of employment with Mr. Gomez by, inter alia, interfering with Mr. Gomez' right to a medical leave of absence, refusing to grant Mr. Gomez medically-related leave; retaliating against Mr. Gomez for using medically-related leave; failing to engage in an interactive process in relation to Mr. Gomez' disability; harassing and retaliating against Mr. Gomez on account of his request and use of medical leave, subjecting Mr. Gomez to excessive monitoring and criticism of his work performance, falsely accusing Mr. Gomez of misusing medical leave, and termination of Mr. Gomez employment.

44. Mr. Gomez sustained damages as a result of DealerSocket's above-stated breach of its employment contract with DealerSocket, including but not limited to loss of employment, wages and benefits, expenses of seeking alternative employment, severe and continuing mental distress and related medical expenses, recoverable costs and attorney's fees, and potential tax consequences of any future recovery.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For an Order of the Court fully reinstating Plaintiff to the position of employment that he would have held but for Defendant's unlawful conduct.

2. For an Order of the Court compelling Defendant to provide reasonable accommodation for Plaintiff's disability in connection with his disability-related absences.

3. For general, direct, compensatory and consequential damages in an amount to be established by admissible evidence, with interest at the highest legal rate.

4. For correction of Plaintiff's employment records to reflect the actual course of events as alleged herein.

5. For damages relating to Plaintiff's severe mental distress and injury to Plaintiff's professional reputation in an amount to be established by admissible evidence.

6. For Plaintiff's costs of suit and reasonable attorney's fees incurred as a result of Defendant's unlawful actions.

7. For punitive damages in an amount to be established by admissible evidence.

8. For liquidated damages in an amount to be established by admissible evidence.

9. For such other and further relief as the Court finds just and reasonable.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

DATED this 7th day of August, 2020.

/s/Kenneth B. Grimes
Attorney for Plaintiff

Plaintiff's address is:
480 East 400 South, Suite 203
Salt Lake City, Utah 84111